FILED
2026 JAN -5 AM 9: 23
U.S. DISTRICT COURT
[illegible] DISTRICT OF TN

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

**SHONTAVIUS MARTIN** and **SABLE HICKS**, individually and as parents/next friends of their minor children,

    Plaintiffs,

v.

**WILLIAMSON COUNTY SCHOOLS; SUNSET ELEMENTARY SCHOOL; CHRISTINA AARON** (Principal); **LORI QUIN** (Truancy Officer); **ANIESHA RANDALL** (DCS Caseworker); **SEAN NOBLIT** (DCS Attorney); and **JUDGE DEREK SMITH** (for declaratory/injunctive relief only), in their official and/or individual capacities as applicable,

    Defendants.

**Case No.:** _____ (to be assigned)

*JURY TRIAL DEMANDED*

# COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

Plaintiffs Shontavius Martin and Sable Hicks ("Plaintiffs"), individually and as parents/next friends of their minor children, bring this civil rights action pursuant to 42 U.S.C. § 1983 to remedy ongoing deprivations of constitutional rights under color of state law, and state as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the First, Fourth, and Fourteenth Amendments, and 42 U.S.C. § 1983.

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Declaratory relief is authorized by 28 U.S.C. §§ 2201-2202.

4. Venue is proper under 28 U.S.C. § 1391(b) because the events and omissions occurred in Williamson County, Tennessee, within this District.

## II. PARTIES

5. Plaintiffs Shontavius Martin and Sable Hicks are parents and legal guardians of minor children affected by Defendants' actions.

6. Defendant Williamson County Schools is a municipal entity responsible for policies, practices, supervision, and training of its employees and agents.

7. Defendant Sunset Elementary School is a public school within Williamson County Schools.

8. Defendant Christina Aaron was at all relevant times the Principal of Sunset Elementary School, acting under color of state law.

9. Defendant Lori Quin was at all relevant times a Truancy Officer acting under color of state law.

10. Defendant Aniesha Randall was at all relevant times a Tennessee Department of Children's Services ("DCS") worker/caseworker acting under color of state law.

11. Defendant Sean Noblit was at all relevant times an attorney acting on behalf of DCS in the juvenile proceeding, acting under color of state law.

12. Defendant Judge Derek Smith was at all relevant times a Juvenile Court Judge. Plaintiffs seek declaratory and prospective injunctive relief to stop ongoing unconstitutional conduct; to the extent immunity doctrines apply, Plaintiffs do not seek monetary damages against Judge Smith.

## III. STATEMENT OF FACTS

### A. Lawful Withdrawal, Record Withholding, and Enrollment

13. At the beginning of the 2025-2026 school year (August 2025), Plaintiffs initiated a lawful withdrawal from Sunset Elementary due to serious concerns, including alleged abuse/neglect reported by Plaintiffs.

14. Sunset Elementary and/or Williamson County Schools withheld student records and related documentation, obstructing timely transfer and enrollment, and thereby manufacturing the appearance of non-attendance.

15. Plaintiffs' children were enrolled in a lawful public K-12 virtual school on November 3, 2025.

16. Plaintiffs' children were officially out of Sunset Elementary by November 5, 2025.

### B. DCS Opened a Case Before Truancy, Then Relied on Truancy Later

17. On or about August 25, 2025, DCS opened a case involving Plaintiffs' family.

18. After Plaintiffs' children were enrolled (November 3, 2025) and officially withdrawn (November 5, 2025), Defendants nonetheless pursued truancy and later used those allegations to justify DCS escalation into a Dependency and Neglect ("D&N;") posture.

### C. Truancy Petition Filed After Enrollment

19. On November 17, 2025, Defendant Lori Quin filed and/or advanced a truancy petition against Plaintiffs despite enrollment and lawful withdrawal.

20. Mandatory school-level interventions and lawful prerequisites were not completed, documented, or exhausted before resorting to court referral, and Plaintiffs were deprived of basic notice-and-opportunity protections.

21. A court date was set for December 1, 2025.

### D. Medical Emergency and Court Knowledge

22. Sable Hicks underwent emergency surgery from approximately November 19, 2025 through November 25, 2025, followed by medically required bed rest. Defendants had actual notice of this emergency.

23. Despite notice, Defendants attempted to treat Plaintiffs as noncompliant, sought to label Plaintiffs as having failed to appear, and used the situation to pressure Plaintiffs under color of law.

### E. Improper Merger With D&N; and Continuation Without Jurisdiction

24. Rather than dismissing a cured truancy matter, Defendants merged proceedings and continued into D&N; on December 18, 2025, even after proof of enrollment and cure was presented.

25. Defendants added minor child Jamir Epps to the case after the truancy issues were cured. In open court, DCS counsel was shown proof that Jamir Epps was not legally required to begin school until age six, and he was removed from the petition - confirming lack of lawful basis as to him.

26. Notwithstanding these admissions and the cured educational status, Defendants continued proceedings past December 18, 2025 and maintained coercive demands without a lawful jurisdictional basis.

## IV. WHY YOUNGER ABSTENTION DOES NOT APPLY

27. Plaintiffs allege extraordinary circumstances and bad faith prosecution/harassment: Defendants continued proceedings after notice, after cure, and after the factual predicates were extinguished.

28. Plaintiffs further allege the state forum is not an adequate vehicle to vindicate federal rights where the continuation itself is the violation and the court actors have been placed on notice yet proceeded anyway.

29. Plaintiffs seek prospective declaratory and injunctive relief to stop ongoing constitutional violations; abstention doctrines do not require federal courts to shield ongoing, knowing deprivations of federal rights.

## V. CLAIMS FOR RELIEF

### Count I - Procedural Due Process (Fourteenth Amendment) (42 U.S.C. § 1983)

30. Plaintiffs incorporate the foregoing paragraphs.

31. Defendants deprived Plaintiffs of notice and a meaningful opportunity to be heard by: (a) weaponizing truancy after lawful withdrawal and enrollment; (b) bypassing required interventions; (c) withholding records to block enrollment; and (d) continuing proceedings after cure and notice.

32. These acts were taken under color of state law and caused concrete harms, including loss of parental liberty, reputational injury, emotional distress, and ongoing coercion.

### Count II - Substantive Due Process / Family Integrity (Fourteenth Amendment) (42 U.S.C. § 1983)

33. Defendants interfered with Plaintiffs' fundamental rights to family integrity and parental decision-making without a compelling governmental interest and without narrowly tailored means.

### Count III - First Amendment Retaliation (42 U.S.C. § 1983)

34. Plaintiffs engaged in protected activity including reporting alleged abuse/neglect and asserting lawful withdrawal and rights. Defendants retaliated by escalating truancy and DCS actions and continuing proceedings without lawful basis.

### Count IV - Unreasonable Seizure/Intrusion (Fourth and Fourteenth Amendments) (42 U.S.C. § 1983)

35. Defendants unlawfully intruded into Plaintiffs' private family life and imposed coercive conditions without probable cause, exigency, or a valid jurisdictional predicate.

### Count V - Municipal Liability (Monell) (42 U.S.C. § 1983)

36. Williamson County Schools and/or DCS maintained policies, customs, or practices that allowed (a) record withholding to manufacture truancy; (b) bypassing interventions; (c) retaliatory use of truancy and DCS; and (d) failure to train and supervise, causing constitutional violations.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that Defendants' ongoing actions and continued proceedings described herein are unlawful and unconstitutional;

B. Enter preliminary and permanent injunctive relief prohibiting further enforcement/continuation of the challenged proceedings absent lawful jurisdiction and due process;

C. Order expungement/correction of truancy and D&N-related; records to the extent permitted by law;

D. Award compensatory damages against Defendants liable in their individual/municipal capacities;

E. Award punitive damages where permitted against individual Defendants for willful and malicious conduct;

F. Award attorneys' fees and costs under 42 U.S.C. § 1988;

G. Grant such other and further relief as the Court deems just.

## VII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 27, 2025

Respectfully submitted,

*[signature]*

---
SHONTAVIUS MARTIN, Pro Se
[Address] 707 Brentwood Blvd
[City, State ZIP] Brentwood, TN 37027
[Phone] | [Email] 615-905-8394  Cortezh2999@gmail.com

*[signature]* Sable Hicks
---
SABLE HICKS, Pro Se
[Address] 107 Brentwood Blvd
[City, State ZIP] Brentwood Blvd TN, 37027
[Phone] | [Email] 615-905-8394 / HonestJISArmsteU@gmail.com

*Note: Minor children are referenced as minors for privacy. Plaintiffs may move to proceed using initials for minors consistent with applicable rules*