IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHONTAVIUS MARTIN, *et al.*, )
)
    Plaintiffs, )
)
v. ) No. 3:26-cv-00006
)
WILLIAMSON COUNTY SCHOOLS, ) Judge Trauger
   *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Shontavius Martin and Sable Hicks brought this action on behalf of themselves and their minor children, alleging violations of their civil rights. (Doc. No. 1). Plaintiffs' complaint is now before the court for initial review. *See* 28 U.S.C. § 1915(e)(2).

**SCREENING STANDARD**

The court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept Plaintiffs' factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the court's "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

1

# FACTUAL ALLEGATIONS[1] AND CLAIMS

Plaintiffs sue Williamson County Schools, Sunset Elementary School, Christina Aaron (principal at Sunset Elementary), Lori Quin (truancy officer), Aniesha Randall (Department of Children's Services ("DCS") caseworker), Sean Noblit (DCS attorney), and Judge Derek Smith. (Doc. No. 1 at 1−2).

Plaintiffs allege that DCS "opened a case involving Plaintiffs' family" on or about August 25, 2025. (*Id.* at 2). A dependency-and-neglect proceeding was later initiated. (*Id.* at 2−3). Also in August 2025, Plaintiffs initiated a withdrawal from Sunset Elementary. (*Id.* at 2). Sunset Elementary and Williamson County Schools withheld student records and documentation, preventing Plaintiffs from transferring their children to another school. (*Id.*) On November 3, 2025, Plaintiffs' children were "enrolled in a lawful public K−12 virtual school." (*Id.*) The children were officially withdrawn from Sunset Elementary on November 5, 2025. (*Id.*)

On November 17, 2025, Officer Quin brought a truancy petition against Plaintiffs. (*Id.*) Plaintiffs assert that the petition did not comply with various procedural requirements. (*Id.*)

Ms. Hicks underwent surgery "from approximately November 19, 2025 through November 25, 2025, followed by medically required bed rest." (*Id.*) Plaintiffs did not appear at a court hearing on December 1, 2025. (*Id.*) Defendants knew of Ms. Hicks's medical condition but treated Plaintiffs as failing to appear at the court hearing. (*Id.*)

In December 2025, the Plaintiffs' dependency-and-neglect proceedings were merged with the truancy proceedings. (*Id.* at 3). These proceedings are ongoing. (*Id.*)

---

[1] The court makes no factual findings regarding the truth of Plaintiffs' allegations. For purposes of this order, the court presents the allegations as alleged in the complaint.

Plaintiffs assert that Defendants' actions violated their rights to procedural and substantive due process under the Fourteenth Amendment. (*Id.*) They further assert claims of First Amendment retaliation and "Unreasonable Seizure/Intrusion" under the Fourth Amendment. (*Id.*) They seek damages, injunctive relief, and declaratory relief. (*Id.* at 4).

**ANALYSIS**

Federal courts apply a "strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This doctrine, known by the shorthand of "*Younger* abstention," applies both to state criminal proceedings and "civil proceedings in which important state interests are involved." *Id.*

*Younger* abstention is applicable where three requirements are satisfied: "(1) there must be [related] on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008).

Plaintiffs do not appear to dispute the first two requirements. Plaintiffs allege ongoing state judicial proceedings; indeed, they seek to enjoin those proceedings. (Doc. No. 1 at 2, 4). Plaintiffs also allege that the proceedings implicate family law and state intervention in the parent-child relationship. (*Id.* at 2–3). These types of proceedings implicate important state interests. *See Moore*, 442 U.S. at 423 (applying *Younger* abstention when underlying state-court proceedings involved removal of children due to allegations of abuse and neglect).

Plaintiffs do dispute the third requirement for *Younger* abstention, arguing that "the state forum is not an adequate vehicle to vindicate federal rights where the continuation itself is the violation and the court actors have been placed on notice yet proceeded anyway." (Doc. No. 1

at 3). However, "[a]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006) (quotation marks omitted). "The plaintiff bears the burden of showing that state law barred presentation of his or her constitutional claims." *Id.* Here, Plaintiffs do not assert, let alone demonstrate, that state law bars them from raising their constitutional claims.

Plaintiffs also allege that Defendants are acting in "bad faith" and with the purpose of "harassment." (Doc. No. 1 at 3). A showing of bad faith or harassment would warrant an exception to *Younger* abstention. *See American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335−336 (6th Cir. 2007). However, Plaintiffs make no such showing here. At most, Plaintiffs allege a disagreement about the propriety of the state proceedings. They put forth no evidence of targeted harassment or bad faith. *Cf. Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996) (finding no bad faith to preclude *Younger* abstention because plaintiff "ha[d] not demonstrated that the Commission's actions against *him* were motivated by bad-faith or with intent to harass." (emphasis in original)).

Because the requirements for *Younger* abstention are met and Plaintiffs have not demonstrated that an exception applies, the court will stay this action while state proceedings are ongoing.

## CONCLUSION

This action is **STAYED** until resolution of the related ongoing state proceedings.

The Clerk **SHALL** administratively close this case, and Plaintiffs shall notify the court upon the resolution of state-court proceedings, at which point the case may be reopened if appropriate.

Plaintiffs' Renewed Motion for Temporary Restraining Order (Doc. No. 9) and Emergency Motion to Expedite Hearing (Doc. No. 10) are **DENIED** without prejudice to refiling upon reopening of these proceedings.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge